No 3796

Second Circuit

BARHAM v. BROOKS

(June 2, 1930. Opinion and Decree.)

Madison & Madison, of Bastrop, attorneys for plaintiff, appellant.

W. B. Clarke, of Monroe, attorney for defendant, appellee.

DREW, J. This is a suit to determine the ownership of a blue horse mule.

Plaintiff bought a blue horse mule in January, 1927. The mule had a fistula and one knee was larger than the other, and there were some scars on the other knee. It was what is known as an "outlaw" mule by mule dealers, that is, hard to handle and vicious in appearance. It was peculiarly shaped, being described as long-bodied and square. During the high water of 1927, the mule disappeared and was next seen by plaintiff in the spring of 1929, in the stable of O. O. Clark in West Monroe.

Clark had at that time sold the mule to defendant and was in the act of delivering him when seen by the plaintiff. Plaintiff instituted this suit to recover the mule. The defense is that plaintiff is mistaken in the mule, and that is the entire question to be decided in this case. There is no question of bad faith on the part of any one connected with the suit.

Plaintiff, a reputable doctor, is positive that the mule is the same mule that he lost in the fall of 1927, and produced several witnesses who had seen the mule when in plaintiff's possession and saw it again on the day of trial, who swore positively that it is the same mule owned by plaintiff; on the other hand, it is shown by the witnesses for the defense that Mr. Clark bought the mule from a Mr. Renwick a short time before he sold to defendant, and that Renwick purchased it from a negro on his place in the fall of 1926, prior to the time plaintiff claims to have owned the mule; that the negro purchased it in the same year from an auctioneer in West Monroe. Mr. Renwick and defendant testify that the mule has never been out of the possession of Mr. Renwick since he bought it in 1926, except during the high water of 1927, when it was placed in a pasture owned by one Lieber.

Plaintiff relies on the peculiarities of the mule for being so positive about it being the same mule that he lost; however, it cannot be contended that there is no other such mule as described in this suit. While no two mules may be exactly alike, and one could easily distinguish them if placed side by side, yet when plaintiff has not seen his mule for nearly two years, it is entirely possible that he might be mistaken in his identification upon seeing a mule with the same peculiarities after that long space of time. The greatest peculiarity about the mule is the shape—long-bodied and square—however, there are more than one so shaped.

It is needless for us to discuss the testimony in detail, as it is very conflicting. The lower court rejected the demand of plaintiff, after hearing and seeing the witnesses.

The only question involved is one of fact, and there is no question of bad faith in the case, and none urged by either party.

It is a well-settled principle of law that, where only a question of fact is involved, the judgment of the trial court will not be disturbed, unless manifestly erroneous, and we cannot say that the judgment of the lower court is not correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.